Sheng-Wen Cheng
No. 05261-509
Federal Medical Center
PMB 4000
Rochester, MN, 55903

RECEIVED
USDC CLERK, CHARLESTON, SC

2023 APR 26  AM 8: 42

IN  THE  UNITED  STATES  DISTRICT  COURT

FOR  THE  DISTRICT  OF  SOUTH  CAROLINA

CHARLESTON  DIVISION

---

SHENG-WEN CHENG, individually and
on behalf of a class of all others
similarly situated,

                Plaintiffs,

    v.

UNITED STATES OF AMERICA,

              Defendant.

---

Civil Action No. 2:23-cv-1728-RMG-MHC

MDL NO. 2873
Master Docket No. 2:18-mn-2873

JUDGE RICHARD GERGEL

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

1. Plaintiff Sheng-Wen Cheng ("Plaintiff Cheng"), on behalf of himself and a putative class of all others similarly situated - federal prisoners who were, currently are, and will be at Federal Correctional Institution Fort Dix ("FCI Fort Dix"), commences this class action complaint against Defendant United States of American ("Defendant United States"), to assert claims pursuant to the Administrative Procedure Act ("APA"), the Emergency Planning and Community Right-To-KnoweAct ("EPCRA"), the Federal Water Pollution Control Act ("FWPCA"), the REsource Conservation and Recovery Act

("RCRA"), the Safe Drinking Water Act ("SDWA"), and the Toxic Substances Control Act ("TSCA"); to assert New Jersey tort claims of negligence/ gross negligence, public nuisance, negligent infliction of emotional distress, intentional infliction of emotional distress, unjust enrichment, and misrepresentation, pursuant to the Federal Tort Claims Act ("FTCA"); and to assert constitutional claim of violation of condition of confinement under the Eight Amendment.

2. Defendant United States, has acted arbitrarily and capriciously, for failure to publish an inventory form required under 42U.S.C. 11022 (g), and to publish a toxic-chemical release form required under 42 U.S.C. 11023(g).

3. Defendant United States, has acted arbitrarily and capriciously, for failure to eliminate or prevent the discharge of AFFF products that contain extreme high level of perflurooctanoic acid ("PFOA") and perflurooctance acid ("PFOS"), used by the U.S. Military, into the drinking water supply at Joint Base McGuine-Dix-Lakehurst ("Joint Base MDL"), New Jersey.

4. Defendant United States, has acted arbitrarily and capriciously, for failure to handle, storage, transport, and dispose AFFF products at Joint Base MDL properly, which contain extreme high level of PFOA and PFOS, and are imminent and substantial endangerment to health and the environment of Joint Base MDL.

5. Defendant United States, has acted arbitrarily and capriciously, for failure to follow New Jersey Department of Environmental Protection ("NJDEP") drinking water standards for PFOA and PFOS. NJDEP has promulgated enforceable standards regulating the amount of PFOA and PFOS in both drinking water and ground water – in order to protect the

health of New Jersey cities and residents, including federal prisoners serving time at FCI Fort Dix.

6. Defendant United States, has acted arbitrarily and capriciously, for failure to develope adequate information with resepct to the effect of AFFF products on health and environment of Joint Base MDL, and to regulate AFFF products at Joint Base MDL.

7. Defendant United States, has breached its duty of maintaing civilized condition of confinement under the Eight Amendment through its employees/agents at FCI Fort Dix, and criminally concealed the truth of the PFOA and PFOS contamination issue in the drinking water supply at FCI Fort Dix to Plaintiff Cheng and the putative class; in order to enrich itself at the expense of Plaintiff Cheng and the putative class' health.

8. Defendant United States, has waived its sovereign immunity and agreed to follow above-mentioned federal statutes. Nevertheless, in contrary to above-mentioned federal laws and the Constitution, Defendant United States, knowingly and intentionally, has not addressed the imminent and substantial endangerment to the health and environment of Joint Base MDL, resulting from sources of PFOA and PFOS contamination in the drinking water supply.

9. Plaintiff Cheng thus commences this class action to require Defendant United States to follow the requirement in the above-mentioned federal statutes and the Constitution, to address ground water contamination at JOint Base MDL, to act to protect those in FCI Fort Dix consuming such water, and to provide compensations for the health damage it has caused to PLaintiff Cheng and the putative class immediately.

10. Plaintiff Cheng seeks to represent a certified class for the purpose of obtaining compensatory, declaratory, injunctive, and punitive

relief. PLaintiff Cheng seeks service fees for himself. In sum, Plaintiff Cheng seeks a class-wide judgement declaring that Defendant United States violates the APA, EPCRA, FWPCA, RCRA, SDWA, TSCA, and the Eight Amendment , and a class-wide injunction enjoining Defendant United States to follow the requirements in the above-mentioned federal statutes and Constitution ; and to address ground water contamination at JOint Base MDL immediately . All PLaintiffs seek compensatory and punitive relief, attorney fees, the cost of this suit, and such other relief that this Court deems to be equitable and just.

## JURISDICTION

11. This Court has jurisdiction under 28U.S.C. 1331, 1343, and 1346.

12. This Court has the authority to grant the declaratory and injunctive relief sought under 28U.S.C. 2201, 2202, 2283, and 2284.

## ADMINISTRATIVE REMEDY

13. Plaintiff Cheng has exhausted the administrative remedy.

## VENUE

14. The home venue for this action is proper in the United States District Court for the District of New Jersey, pursuant to 28U.S.C. 1391, because the acts described in this Complaint occured in the District of New Jersey.

15. This Complaint will be filed directly into with the AFFF M Multi-District Litigation currently pending in the United States District Court for the District of South Carolina - In re: Aqueous - Film - Forming Foams Products LIability LItigation, 2:18-mn-02873-RMG (D.S.C.) pursuant to Case Management Order ("CMO") 3 [Dkt. No. '72] for pretrial proceedings only.

16. PLaintiff Cheng does not waive its designated home venue of the UNited States District Court for the District of New Jersey, where the Plaintiff Cheng would have filed this Complaint.

17. Defendant United States has waived its sovereign immunity under APA, EPCRA, FTCA, FWPCA, RCRA, SDWA, and TSCA, pursuant to 5U.S.C. 702, 15U.S.C. 2688, 28U.S.C. 1346, 33U.S.C. 1365(a), 42 U.S.C. 300j-6(4), 6961(a), 11046 (a)(1)(B).

## JURY DEMANDED

18. Plaintiff Cheng demands trial by jury in this action on each and every one of the claims.

## PARTIES

19. Plaintiff Sheng-Wen Cheng, is a federal prisoner currently incarcerated at Rochester, MInnesota, but was incarcerated at FCI Fort Dix between September 13, 2021 and September 12, 2022.

20. Defendant United States of America, is a sovereign nation and federal government that is responsible for the acts alleged in this action and Complaint.

## CLASS ACTION ALLEGATION

21. Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff Cheng seeks to represent a certified plaintiff class consisting of all federal prisoners who were, currently are, and will be at FCI Fort Dix, having been exposed to the toxic drinking water at FCI Fort Dix.

22. The members of the class are so numerous as to render joinder impracticable. Based on the information made publicly avaliable by the Federal Bureau of Prisons, there are around 2300 federal prisoners currently at FCI Fort Dix, and potentially, hundreds if not thousands of prisoners that were and will be at FCI Fort Dix.

23. In addition, joinder is impracticable because, upon information and belief, many members of the class are not aware of the facts that their rights have been violated, and that they have the right to seek redress in court. Also, many members of the class are without the means to retain an attorney to represent them in a civil lawsuit. Moreover, many class members who have been victimized by Defendant United States do not bring individual claims for fear of retaliation and reprisals by the Defendant.

24. Furthermore, joinder is impracticable because, upon information and belief, the prosecution of seperate actions by individual members of the class could result in inconsistent or varying adjudications with respect to individual members of the class. Thus, there is no appropriate venue for the protection of the class' rights other than a class action.

25. The class members share a number of questions of law and facts in common, including, but not limited to, whether Defendant United States has acted arbitrarily and capriciously, for failure:

    a) to publish an inventory form required under 42U.S.C. 11022(g);

    b) to publish a toxic-chemical release form required under 42 U.S.C. 11023(g);

    c) to eliminate or prevent AFFF products being discharged into the water supply at Joint Base MDL;

    d) to handle, storage, transport, and dispose AFFF products

at Joint Base MDL properly;

e) to follow NJDEP's drinking water standards for PFOA and PFOS;

f) to develope adequate information with respect to the effect of AFFF products on health and environment of Joint Base MDL;

g) to regulate AFFF products at Joint Base MDL;

h) to address the imminent and substantial endangerment that AFFF products have caused to the human health and environmen environment of Joint Base MDL;

i) to abide to its duty of maintaining civilized condition of confinement under the Eight Amendment, and failure to reveal the truth of PFOA and PFOS contamination in the drinking water supply at FCI Fort Dix to Plaintiff Cheng and putative class;

j) to avoid enriching itself at the expense of PLaintiff Cheng and the putative class' health; and

k) to provide compensations to Plaintiff Cheng and the putative class, on top of medical costs.

26. PLaintiff Cheng's claims are typical of those of the class. Like the other memebers of the class, PLaintiff Cheng has been a victim of Defendant UNited States' arbitrary and capricious decision not to follow the requirements of above-mentioned federal statutes and the Constitution, not to eradicate the contamination of drinking water supply at Joint Base MDL, and not to reveal the truth of the contamination issue to Plaintiff Cheng and the putative class at FCI Fort Dix. Most importantly, DEfendant United States, has continued to ignore this human health crisis at the filing of this Complaint.

27. The legal theories under which Plaintiff Cheng seeks compensatory, declaratory, injunctive, and punitive relief are the same or similar to those on which all members of the class will apply, and the harms suffered by Plaintiff Cheng are typical of the harms suffered by the class member.

28. Plaintiff Cheng has a strong personal interests in the outcome of this action, has no conflict of interest with members of the class, Plaintiff Cheng is a federal prisoner who was incarcerated at FCI Fort Dix between September 13, 2021 and September 12, 2022, and has suffered injuries resulting from Defendant United States' arbitrary and capricious decisions and actions described herein.

29. PLaintiff Cheng seeks to file a motion for appointment of counsel to this Court to have experienced civil counsel who has litigated a wide range of class action lawsuit, and has the diversity, expertise, experience, and resources to prosecute this action. Meanwhile, PLaintiff Cheng will continue to reach out to counsels.

30. Because Plaintiff Cheng is appearing pro se as of now and thus cannot represent the putative class, this Court should help appoint a class counsel pursuant to Federal Rules of Civil Procedure 23 (g)(1), or alternatively, an interim class counsel before this action gets certified as a class action, pursuant to Federal Rules of Civil Procedure 23 (g)(3).

31. The putative class should be certified pursuant to Federal Rules of Civil Procedure 23 (b)(2), because Defendant United States, has acted on grounds applicable to the class, thereby making class-wide compensatory, declaratory, injunctive, and punitive relief appropriate.

COUNT I

IN VIOLATION OF

ADMINISTRATIVE PROCEDURE ACT

32. Incorporate paragraphs 1 to 31.

33. Upon information and belief, Defendant United States, has acted arbitrarily and capriciously, for failure to publish an inventory form required under 42 U.S.C. 11022 (g), without explanations.

34. Upon information and belief, Defendant United States, has acted arbitrarily and capriciously, for failure to publish a toxic-chemical released form required under 42U.S.C. 11023(g), without explanations.

35. Upon information and belief, Defendant United States, has acted arbitrarily and capriciously, for failure to eliminate or prevent AFFF products into the water supply at Joint Base MDL, without explanations.

36. Upon information and belief, Defendant United States, has acted arbitrarily and capriciously, for failure to handle, storage, transport, dispose AFFF products at Joint Base MDL properly, without explanations.

37. Upon information and belief, Defendant United States, has acted arbitrarily and capriciously, for failure to follow NJDEP's drinking water supply standard for PFOS and PFOA at Joint Base MDL, without explanations.

38. Upon information and belief, Defendant United States, has acted arbitrarily and capriciously, for failure to develope adequate information with respect to the effect of AFFF products at Joint Base MDL on health and enrvionment, without explanations.

39. Upon information and belief, Defendant United States, has acted arbitrarily and capriciously, for failure to regulate AFFF products at Joint Base MDL, which present unreasonable risks of injury to health

and environment, without explanations.

40. Upon information and belief, Defendant United States, has acted arbitrarily and capriciously, for failure to address the imminent and substantial endangerment the AFFF products have caused to the health and environment of Joint Base MDL, without explanations.

## COUNT II

### IN VIOLATION OF EMERGENCY PLANNING
### AND COMMUNITY RIGHT-TO-KNOW ACT

41. Incorporate paragraphs 1 to 31.

42. Upon information and belief, Defendant United States, knowingly and intentionally, failed to prepare and submit, an emergency and hazardous chemical form to Joint Base MDL local emergency planning committee, the New Jersey State emergency response committee, and Joint Base MDL fire department.

43. Upon information and belief, Defendant United States, knowingly and intentionally, failed to rpovide an estimate of the average daily and maximum amount of AFFF products at Joint Base MDL, at any time during the proceeding calendar year.

44. Upon information and belief, Defendant United States, knowingly and intentionally, failed to provide the general location of AFFF products at Joint Base MDL.

45. Upon information and belief, Defendant United States, knowingly and intentionally, failed to provide a brief description of the manner of storage of AFFF products at Joint Base MDL.

46. Upon information and belief, Defendant United States, knowingly and intentionally, failed to provide information of whether AFFF products are manufactured, processed, or otherwise used at Joint Base MDL.

47. Upon information and belief, Defendant United States, knowingly and intentionally, failed to provide a waste treatment or disposals met methods for AFFF products at Joint Base MDL, and the estimate of the treatment achieved by such methods.

48. Upon information and belief, Defendant United States, knowingly and intentionally, failed to provide the information of the annual quantity of AFFF products entering each environmental medium at Joint Base MDL.

49. Upon information and belief, Defendant United States, knowingly and intentionally, failed to make emergency response plan, material safety data sheet, inventory form, toxic chemical release form, and follow up emergency notice of Joint Base MDL avaliable to the general public.

## COUNT III

### IN VIOLATION OF FEDERAL WATER

### POLLUTION CONTROL ACT

50. Incorporate paragraphs 1 to 31.

51. Upon information and belief, Defendant United States, knowingly and intentionally, failed to prevent the discharge of AFFF products to the drinking water at Joint Base MDL.

52. Upon information and belief, Defendant United States, knowingly and intentionally, failed to provide financial assistance to construct waste treatment work at Joint Base MDL.

53. Upon information and belief, Defendant United States, knowingly and intentionally, failed to develope and implement areawide waste treat treatment management planning process to assume adequate control of AFFF products at Joint Base MDL.

54. Upon information and belief, Defendant United States, knowingly and intentionally, failed to make a major research and effort to develope technology to eliminate the discharge of AFFF products at Joint Base MDL.

## COUNT IV

### IN VIOLATION OF RESOURCE

### CONSERVATION AND RECOVERY ACT

55. Incorporate paragraphs 1 to 31.

56. Upon information and belief, Defendant United States, knowingly and intentionally, failed to handle, storage, treat, transport, and dispose AFFF products at Joint Base MDL properly, which present an imminent and substantial endangement to health and environment of Joint Base MDL.

57. Upon information and belief, Defendant United States, knowingly and intentionally, failed to provide technical and financial assistance to New Jersey State and local government of Joint Base MDL for the development of solid waste management plan at Joint Base MDL.

58. Upon information and belief, Defendant United States, knowingly and intentionally, failed to provide training grant in occupations involving the design, operations, and maintenance of solid waste disposal system at Joint Base MDL.

59. Upon information and belief, Defendant United States, knowingly and intentionally, failed to assure the hazardous waste management at Joint Base MDL are conducted in a manner which protect human health and environment.

60. Upon information and belief, Defendant United States, knowingly and intentionally, failed to require the hazardous waste of AFFF products at Joint Base MDL be properly managed in the first instance, thereby reducing the need for corrective action.

61. Upon information and belief, Defendant United States, knowingly and intentionally, failed to encourage process substitution, materials recovery, properly conducted recycling and reuse, and treatment, to minimize the generation of AFFF products waste and the land disposal of AFFF products waste.

62. Upon information and belief, Defendant United States, knowingly, and intentionally, failed to establish a cooperative effort among federal , New Jersey State, local government of Joint Base MDL, and private enterprises to recover valuable materials and energy from AFFF products waste at Joint Base MDL.

63. Upon information and belief, Defendant United States, knowingly and intentionally, failed to provide the promulgation of guidelines for AFFF products waste collection, transportation, seperation, recovery, and disposal practices and systems at Joint Base MDL.

64. Upon information and belief, Defendant United States, knowingly and intentionally, failed to promote a national research and development program for improved solid waste management and resource conservation techniques, more effective organizational arrangements, and new and

improved methods of collection, seperation, recovery, and recycling of solid waste and environmentally safe disposal of AFFF products.

65. Upon information and belief, Defendant United States, knowingly and intentionally, failed to promote the demonstration, construction, and application of AFFF products waste management, resource recovery, and resource conservation systems which preserve and enhance the quality of air, water, and land resources at Joint Base MDL.

## COUNT V

## IN VIOLATION OF SAFE

## DRINKING WATER ACT

66. Incorporate paragraphs 1 to 31.

67. Upon information and belief, Defendant United States, knowingly and intentionally, failed to follow NJDEP's drinking water standard for PFOA and PFOS at Joint Base MDL.

68. Upon information and belief, Defendant United States, knowingly and intentionally, failed to include accepted methods for quality control and testing procedure at Joint Base MDL to insure compliance with NJEPA's drinking water standard for PFOA and PFOS.

69. Upon information and belief, Defendant United States, knowingly and intentionally, failed to insure proper operation and maintenance of the water supply system at Joint Base MDL.

70. Upon information and belief. Defendant United States, knowingly and intentionally, failed to provide a notice of violations or exceedance of PFOA and PFOS at Joint Base MDL.

71. Upon information and belief, Defendant United States, knowingly and intentionally, failed to provide such notice to appropriate media,

and most importantly, to Plaintiff Cheng and the putative class.

72. Upon information and belief, Defendant United States, knowingly and intentionally, failed to take the step to correct the violation and exceedance of PFOA and PFOS in the drinking water supply at Joint Base MDL.

73. Upon information and belief, Defendant United States, knowingly and intentionally, failed to seek alternative water supply at Joint Base MDL until the violation and exceedance of PFOA and PFOS is corrected.

## COUNT VI

### IN VIOLATION OF

### TOXIC SUBSTANCE CONTROL ACT

74. Incorporate paragraphs 1 to 31.

75. Upon information and belief, Defendant United States, knowingly and intentionally, failed to test and to conduct risk evaluation of the AFFF products that were and still are being used at Joint Base MDL.

76. Upon information and belief, Defendant United States, knowingly and intentionally, failed to develope adequate information with respect to the effect of AFFF products on the health and environment of Joint Base MDL.

77. Upon information and belief, Defendant United States, knowingly and intentionally, failed to regulate the AFFF products at Joint Base MDL, which present an unreasonable risk of injury to health and environment of JOint Base MDL.

78. Upon information and belief, Defendant United States, knowingly and intentionally, failed to test the numbers of individuals who are and will be exposed to the AFFF products at Joint Base MDL, and the duration of such exposure.

## COUNT VII

### IN VIOLATION OF THE CONDITION OF CONFINEMENT

### UNDER THE EIGHT AMENDMENT

79. Incorporate paragraphs 1 to 31.

80. The deprivation of clean water, and forcing PLaintiff Cheng and the putative class to drink toxic water at FCI Fort Dix, is a denial of the minimal civilized measure of life's necesseities.

81. Nevertheless, officials at FCI Fort Dix, JOint Base MDL, and the Environmental Protection Agency at Washington D.C., all have ignored this toxic water crisis.

82. Thus, resulting from the officials' ignorance and drinking the toxic water at FCI Fort Dix, Plaintiff Cheng and the putative class have not only developed symptoms of severe diarrhea,stomachache , rashes, and other skin diseases, but also developed severe emotional distress. Additionally, PLaintiff Cheng and the putative class may develope cancer and have defective infants in the future.

## COUNT VIII

### NEGLIGENCE/GROSS NEGLIGENCE

83. Incorporate paragraphs 1 to 31.

84. Defendant United States, has a duty of care for public health and environment under the above federal statutes,and specifically has a duty of care for health and maintaing civilized condition of confinement for PLaintiff Cheng and the putative class under the Eight Amendment.

85. Nevertheless, Defendant United States, has breached these duties of care, when it refused to follow the requirements in the above

mentioned federal laws and the Eight Amendment, and concealed the truth of contaminated water at FCI Fort Dix to Plaintiff Cheng and the putative class.

86. Because of not knowing the fact that there is a water contamination issue at FCI Fort Dix, which was caused by the DEfendant's negligence and failure to act, Plaintiff Cheng and the putative class drank the toxic water.

87. Thus, resulting from drinking the toxic water at FCI Fort Dix, PLaintiff Cheng and the putative class have not only developed symptoms of severe diarrhea, stomachache, rashes, and other skin diseases. Additionally, PLaintiff Cheng and the putative class may develope cancer and have defective infants in the future.

88. All the injuries that PLaintiff Cheng and the putative class have suffered could have been avoided. However, Defendant United States has refused to spend the fund, time, and effort, to eliminate the contaminated water supply at Joint Base MDL, despite has been awared of the damages that the AFFF products have caused to the health and environment of JOint Base MDL for years.

89. MOst importantly, the harms caused by the AFFF products to the environment of JOint Base MDL may be irreversable.

90. THe kinds and degrees of DEfendant UNited States' reckless and intentional behaviors, are so significant and horrific that constitutes more than just a regular breach of duty of care.

## COUNT IX

### PUBLIC NUISANCE

91. Incorporate paragraphs 1 to 31.

92. It is a common right to all members of the general public of JOint Base MDL, including PLaintiff Cheng and the putative class, to have Defendant UNited States to follow the requirements in the above-mentioned federal laws and the Constitution; and the most important requirement among the all, is to have a safe drinking water supply.

93. Nevertheless, Defendant United States, has unreasonably interfered with this common right, by intentionally not following the requirements in the above-mentioned federal laws, and most imporatantly, not following the NJDEP's drinking water standards for PFOA and PFOS.

94. Because of Defendant United States' unreasonable interference with this common right, the general public of JOint Base MDL, including PLaintiff Cheng and the putative class, has suffered irreparable harms; including but not limited to having diarrhea, stomachache, rashes, and other skin diseases.

## COUNT X

### MISREPRESENTATION

95. Incorporate paragraphs 1 to 31.

96. Defendant United States, through its employees/agents Physical Assistant ("PA") Chigoze Ibe of FCI Fort Dix, misrepresented to Plaintiff Cheng and the putative class that the drinking water at FCI Fort Dix is safe and clean, when he knew that his statement was false.

97. Defendant United States, through its employees/agents Warden K. Knight of FCI Fort Dix, misrepresented to PLaintiff Cheng and the putative class that the drinking water at FCI Fort Dix is safe and clean, when he knew that his statement was false.

98. Nevertheless, because of trusting the authority of the staffs at FCI Fort Dix, Plaintiff Cheng and the putative class relied on the statements of PA Chigoze Ibe and Warden K. Knight, and drank the toxic water at FCI Fort Dix.

99. Because of drinking the toxic water at FCI Fort Dix, PLaintiff Cheng and the putative class have suffered irreparable physical injuries mentioned-above, and emotional distress.

COUNT XI

UNJUST ENRICHMENT

100. Incorporate paragraphs 1 to 31.

101. Defendant United States, has received the benefits of saving costs, time, and efforts, by not following the requirements in the above mentioned federal laws and the COnstitution; most importantly among the all, the requirement of eradicating or preventing the discharge of AFFF products into the water supply at Joint Base MDL.

102. Because of Defendant United States retaining the benefits of saving costs, time, and efforts, the human health and environment of Joint Base MDL, which includes the health of PLaintiff Cheng and the putative class, have suffered irreparable harms.

103. Defendant UNited States' retention of the above-mentioned benefits are unjust, as it is at the expense of the human health and environment of JOint Base MDL, including the health of Plaintiff Cheng and the putative class.

COUNT XII

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

104. Incorporate paragraphs 1 to 31.

105. Defendant United States, has negligent conduct of not following the requirements in the above-mentioned federal laws and the Constitution, and not revealing the trust of having contaminated water at Joint Base MDL to the general public, including PLaintiff Cheng and the putative class at FCI Fort Dix.

106. Thus, upon learning the fact that the drinking water at FCI For Fort Dix is toxic, Plaintiff Cheng and the putative class are in fear of the personal injuries that they have been suffering, including but not limited to diarrhea, stomachaches, rashes, and other skin diseases.

107. Because of the fear of the above-mentioned personal injuries, Plaintiff Cheng and the putative class have developed sickness and depression from worriness.


## COUNT XIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

108. Incorporate paragraphs 1 to 31.

109. Defendant United States, has acted intentionally to cause emotional distress to PLaintiff Cheng and the putative class, by not following the requirements in the above-mentioned federal laws and the Constitution; and most importantly, not revealing the trust of having water contamination issue at FCI Fort Dix to Plaintiff Cheng and the putative class.

110. THus, upon learning the fact that the drinking water at FCI Fort Dix is toxic, Plaintiff Cheng and the putative class have developed emotional distress, and are in fear of more personal injuries than what they have encountered, including but not limited to, diarrhea, headaches, stomachache, rashes, and other skin diseases.

111. The deceptive, selfish, reckless, and malicious behaviors that Defendant United States have conducted, are extreme and outrageous, because Plaintiff Cheng and the putative class may develope cancer or have defective infants in the future by drinking the toxic water at FCI Fort Dix without knowing the cause.

112. The emotional distress caused by Defendant United States' behaviors are extremely severe that some members of the putative class have to go through psychological treatments.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cheng and the putative class respectfully request that this Court will:

a) Issue an order certifying this action as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure in the manner described herein, with Plaintiff Cheng as the class representative;

b) Issue a class-wide judgement that Defendant United States' behaviors, have violated the APA, EPCRA, FWPCA, RCRA, SDWA , TSCA, and the EIght Amendment right of PLaintiff Cheng and the putative class;

c) Issue and order for the following injunctive relief:

  (i) enjoining Defendant United States from continuing its
      failure to follow the requirements in EPCRA, FWPCA,
      RCRA, SDWA, and TSCA;

  (ii) enjoining Defendant United States from continuing
       violating Plaintiff Cheng and the putative class'
       Eight Amendment Right;

  (iii) requiring Defendant United States to address the
        toxic water issue at Joint Base MDL (which includes
        FCI FOrt Dix) immediately;

  (iv) requiring Defendant UNited States to institute and
       implement improved conducts that comply with EPCRA,
       FWPCA, RCRA, SDWA, TSCA, and the Eight Amendment;

  (v) requiring Defendant United States to monitor its
      improved conducts with appropriate and adequate
      supervisions; and

  (vi) requiring Defendant United States to periodically and
       regularly review and update the improved conducts to
       determine whether the improved conducts have
       comported with EPCRA, FWPCA, RCRA, SDWA, TSCA, and
       Constitutional requests.

d) Award Plaintiff Sheng-WEn Cheng, service fees based on the
   contribution to the members of the class, amount to be determined;

e) Award all Plaintiffs, including the members of the class,
   compensatory damages in amounts that are fair, just, and
   reasonable, to be determined at trial;

f) Award all Plaintiffs, including the members of the class, punitive damages against the Defendant, in an amount which is fair, just, and reasonable designed to punish and deter said reprehensible conducts, to be determined at trial;

g) Award all Plaintiffs, including the members of the class, reasonable attorney's fees pursuant to 42 U.S.C. 1988;

h) Award all Plaintiffs, including the members of the class, costs of this suit pursuant to 42 U.S.C. 1920 and 1988; and

i) Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

I declare under the penalty of perjury that the allegations in this Complaint are true to the best of my knowledge.

Dated: April 20 , 2023

Respectfully Submitted,

Sheng-Wen Cheng